IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AARON ROY SUITS #20994,

        Plaintiff,

v.                                       Case No. 11-3191-JTM

DR. BUMGUARDNER, et al.,

        Defendant.

MEMORANDUM AND ORDER

The court has before it several motions by the parties. First, defendants Goff, Rundell, Webster, Bebout, Taylor, Miller, Gilbert, Cosato, and Lundry (hereinafter "CCS Nurse Defendants") have filed a motion to dismiss, or in the alternative, for summary judgment (Dkt. 51). Second, defendant Bumguardner has filed a motion to dismiss, or in the alternative, for summary judgment (Dkt. 53). Third, plaintiff Suits has filed a motion for summary judgment, or in the alternative, for default (Dkt. 55). After considering the parties' briefs, the court grants both motions to dismiss by the defendants and denies the plaintiff's motion.[1]

## I. Background

At all times relevant to this case, plaintiff Aaron Suits was an inmate at Hutchinson Correctional Facility, in the custody of the Secretary of Corrections of the State of Kansas. Suits has brought suit against a variety of health care providers for an order that prevented Suits from continuing to work in the Industrial Park of the facility.

[1]The court notes that defendants Vicki McClintock and Dr. David Lawhorn have not been properly served. However, even if they had been served, Suits's claims against them would fail for the same reasons set forth by the court in this order.

Suits had been confined to a wheelchair for three years and had been working in the Industrial Park for nine months when the decision was made. Suits alleges that the decision discriminated against him on the basis of his disability. He claims the defendants' violated his due process rights under the Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.

According to Suits, Dr. Bumguardner ultimately made the decision at issue, but he argues that the CCS Nurse Defendants should also be held liable for acquiescing to Dr. Bumguardner's order.

## II. Legal Standard: Rule 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to

2

offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

The court must construe pro se pleadings liberally, but "it need accept as true plaintiff's well-pleaded contentions, not his conclusory allegations." *Loggins v. Cline*, 568 F. Supp. 2d 1265, 1268 (D. Kan. 2008). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and the court should not "construct arguments or theories for the plaintiff" or "supply additional factual allegations to round out a plaintiff's complaint." *Shelby v. Mercy Regional Hospital*, 2009 WL 1067309, at *2 (D. Kan. April 21, 2009). Moreover, pro se litigants are subject to and must follow procedural rules governing all litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 2002). Even a pro se plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bafford v. Pokorski*, 2008 WL 2783132, at *3 (D. Kan. July 17, 2008).

## III. Analysis

Suits claims violations of his due process rights under the Fourteenth Amendment, as well as violations of the ADA and Rehabilitation Act. The court finds that dismissal under Rule 12(b)(6) is appropriate because the facts pled by Suits do not state a claim under any of the legal theories he proposes.

The U.S. Supreme Court has held that " '[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.' "

3

*Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). "The Constitution does not create a property or liberty interest in prison employment." *Id*. "Therefore, any such interest must be created by state law by 'language of an unmistakably mandatory character.'" *Id.* at 597 (quoting *Hewitt v. Helms*, 459 U.S. 460, 471 (1983)). Kansas law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job. *Schlicher v. Martin*, No. 95-3118 (D.C. No. 92-CV-3366), 1996 WL 41848, *1 (10th Cir. Feb. 2, 1996).

In *Ingram*, a prisoner claimed that he was dismissed from his prison job without the required procedural due process guarantees of notice and a hearing. 804 F.2d at 596. The U.S. Court of Appeals for the Tenth Circuit upheld the district court's decision that the prisoner had no property or liberty interest in his job because removal from his job was a matter within the discretion of the prison officials and raised no constitutional issues. *Id*.

Suits's due process claim has no legal leg to stand on because prison employment is not a protected property or liberty interest under federal or Kansas state law. As in *Ingram*, the removal of Suits from his job was a decision that falls squarely within the discretion of prison officials. Suits's due process claim necessarily fails to state a claim.

Suits's claims under the ADA and Rehabilitation Act also lack a legal basis. Neither the ADA nor the Rehabilitation Act applies to prison employment. *White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996). Suits has not pled factual content that would

allow the court to draw the reasonable inference that the defendants are liable for the conduct alleged under any of his pleaded legal theories. *See Iqbal*, 556 U.S. at 678. Therefore, Suits fails to state a claim against any of the defendants.

## IV. Plaintiff's Motion for Summary Judgment/Default

The court's granting of the defendants' motions to dismiss for failure to state a claim renders Suits's motion for summary judgment moot. Additionally, entering a default would be inappropriate, as the court explains below.

The court ordered that defendant Bumguardner's responsive pleading was due twenty days following the filing of the *Martinez* Report. *See* Dkt. 47. The *Martinez* Report was filed on November 26, 2012. Bumguardner did not file his motion to dismiss, or in the alternative, for summary judgment, until December 17, 2012. Suits claims that Bumguardner's responsive pleading was not filed until twenty-one days after the *Martinez* Report, and as such, default should be entered in Suits's favor. However, the last day of the twenty-day window fell on Sunday, December 16, 2012. Pursuant to FED. R. CIV. P. 6(a)(1)(C), this circumstance continues the period of time to file until the end of the next day that is not a Saturday, Sunday, or legal holiday. In this case, the next day was Monday, December 17. Bumguardner filed his motion on that day, within the allowed time period. Therefore, the court denies Suits's motion for default.

## V. Conclusion

The court grants both motions to dismiss for failure to state a claim because Suits's allegations do not fall within the purview of the Fourteenth Amendment, the

ADA, or the Rehabilitation Act. Additionally, the court denies Suits's motion because it is moot and defendant Bumguardner's motion was filed within the proper time frame.

IT IS THEREFORE ORDERED this 11th day of March, 2013, that the court grants the CCS Nurse Defendants' motion to dismiss (Dkt. 51) and Bumguardner's motion to dismiss (Dkt. 53),  and the court denies plaintiff's motion for summary judgment, or in the alternative, for default (Dkt. 55).

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE